UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEITH K.[1], | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 3:22cv213 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for a period of disability, Disability Insurance Benefits (DIB) under Title II of the Social Security Act, and Supplemental Security Income (SSI) under Title XVI of the Act.  Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2

2. The claimant has not engaged in substantial gainful activity since January 12, 2019, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; L4-S1 spondylosis, with minimal canal stenosis; and chronic obstructive pulmonary disease (COPD) (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can occasionally climb stairs or ramps, stoop, kneel, crouch, or crawl; can never climb ladders, ropes, scaffolds, or balance as that term is used vocationally. Occasional exposure to dangerous moving machinery, unprotected heights, extreme heat, extreme cold, fumes, dusts, odors, gases, and poor ventilation.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 16, 1971 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 12, 2019, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 18-24).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on September 16, 2022. On October 19, 2022 the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on November 15, 2022. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand Plaintiff first argues that the ALJ erred in her evaluation of the medical opinion of Dr. Stephen Parker, an agency examining physician. Plaintiff points out that

4

Dr. Parker opined that Plaintiff could not stand/walk for at least two hours in an 8 hour workday. (Tr. 339). Plaintiff argues that this opinion is contrary to the ALJ's finding that Plaintiff could perform light work which generally requires standing or walking six hours during the workday.

A review of the ALJ's decision shows that she acknowledged Dr. Parker's opinion but found it minimally persuasive. (Tr. 22-23). The ALJ noted the many normal findings in Dr. Parker's exam, such as lack of muscle spasm or edema in his extremities, his normal peripheral pulses, his ability to ambulate without an assistive device, negative straight leg raising tests, and his normal strength and reflexes. There were, however, abnormal findings in Dr. Parker's report, such as antalgic gait, deficits in heel walking, toe walking, tandem walking and squatting, difficulty getting on and off the exam table, low back stiffness, impaired ability to ambulate effectively, diminished toe sensation, and limited lumbar and knee motion.

Plaintiff argues that the ALJ erred in not specifying a rationale for discounting Dr. Parker's opinion that Plaintiff could not stand/walk for two hours. Plaintiff contends that the ALJ failed to abide by the regulations that require her to explain why a medical opinion is not supported by and consistent with the other medical evidence of record. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) ("Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.").

Here, the ALJ offered no explanation for rejecting Dr. Parker's opinion and merely stated that "This appears to be couched in terms of the least the claimant could do." (Tr. 23.) It is unclear what the ALJ meant by this statement as Dr. Parker clearly determined Plaintiff could not stand or walk more than two hours during the workday. (Tr. 339.)

The only other reason given by the ALJ for discounting the opinion was her perception that Plaintiff should have had more aggressive treatment. (Tr 23.) It is legal error, however, for the ALJ to draw an adverse inference without exploring the reasons for the treatment course and assessing those reasons. *Craft v. Astrue*, 539 F.3d 668, 679(7th Cir. 2008) (stating that if an ALJ bases his finding on a lack of treatment, the ALJ must explore the reasoning for the lack of treatment); *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012) (stating an ALJ must first explore the claimant's reasons for the lack of medical care before drawing a negative inference). Here, the ALJ did not explore or evaluate reasons for Plaintiff's treatment course including that he received health insurance that he had been waiting for only shortly before COVID mitigation protocols went into effect. (Tr. 366.) *Roddy v. Astrue*, 705 F.3d 631, 638-39 (7th Cir. 2013) (error when the ALJ failed to question the claimant about reasons for gaps in treatment). The ALJ speculated that smoking might impact work ability (Tr. 22), but provided no support for the assumption that quitting smoking would improve his ability to return to work. *White ex rel. Smith v. Apfel*, 167 F.3d 369, 375 (7th Cir. 1999) ("a decision based on speculation is not supported by substantial evidence.").

As the ALJ failed to explain her rejection of Dr. Parker's opinion that Plaintiff could not stand/walk for two hours in an eight-hour workday, remand is required on this issue.

Next, Plaintiff argues that the ALJ improperly evaluated his symptoms. Plaintiff contends that the ALJ erroneously relied on her perception of the medical evidence. Plaintiff also asserts that the ALJ ignored the contrary opinions of her own experts that Plaintiff's symptoms were supported by the objective medical evidence alone. (Tr. 70, 91.) *Myles*, 582 F.3d at 676 (error to ignore significant evidence); *see also* Social Security Ruling 16-3p.

Here, the ALJ did not explain why Plaintiff's medical record did not corroborate his symptoms. Treating NP Ireland concluded that x-rays of the thoracic and lumbar spines "both reveal spondylosis and wedge deformities that are likely the cause of the patient's pain" and MRI findings demonstrated degenerative changes at multiple levels with lateral recess/foraminal narrowing. (Tr. 329-30;Tr. 356, 329-30; *see also* Tr. 360-64.) The ALJ also did not explain why significant objective medical evidence including positive straight leg raising, limited spinal ranges of motion, decreased strength, impaired ambulation, nearly forty percent reduction in left grip strength, antalgic gait, slow heel and toe walk, a mildly ataxic tandem walk, difficulty recovering from full squat, diminished sensation in his left fingers and toes, limited left and right knee motion, difficulty getting off exam table, neck/low back pain and stiffness, and a low ability to ambulate effectively, did not support Plaintiff's subjective symptoms. (*e.g.*, Tr. 353, 366, 369, 556, 334-43.) *See Zurawski v. Halter*, 245 F.3d 881, 888-89 (7th Cir. 2001) (ALJ must address evidence favorable to plaintiff and provide minimal articulation "to permit an informed review").

Other than objective evidence, the only other factor that the ALJ stated she was relying on in invalidating Plaintiff's reported symptoms was her perception about Plaintiff's treatment course. (Tr. 23.) As noted above, however, the ALJ set forth no supported basis that a more aggressive treatment course was appropriate for Plaintiff's condition. *See Simila v. Astrue*, 573 F.3d 503, 519 (7th Cir. 2009)(ALJ must not penalize the claimant for failing to pursue treatments without appropriate evidence that they would have helped her."). Moreover, as discussed above, the ALJ did not explore and assess reasons for Plaintiff's treatment course. *See also* Social Security Ruling 16-3p ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with

7

treatment or seek treatment consistent with the degree of his or her complaints.").

Given that the ALJ found the objective medical evidence did not fully support Plaintiff's claims, the ALJ was required to "investigate all avenues" in assessing his symptoms which include "the nature and intensity" of his symptoms, precipitating and aggravating factors, dosage and effectiveness of any medications or other treatment, functional restrictions, and daily activities. *E.g., Zurawski*, 245 F.3d at 887-88. This analysis is also required by the Commissioner's regulations. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 16-3p. The ALJ failed to properly engage in this analysis, which requires remand.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby REMANDED for further proceedings consistent with this Opinion .


Entered: December 8, 2022.


                                                    s/ William C. Lee
                                                    William C. Lee, Judge
                                                    United States District Court